UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SOUNDVIEW ASSOCIATES,

                              Plaintiff,

                -against-

THE TOWN OF RIVERHEAD,
RICHARD EHLERS, individually, and
DAWN C. THOMAS, individually,

                           Defendants.

-------------------------------------------------------------------X

Case No: CV 09 4095
(JFB)(AKT)

**PLAINTIFFS'**
**SUPPLEMENTAL**
**COUNTER-STATEMENT**
**PURSUANT TO**
**LOCAL RULE 56.1**

     The plaintiff, SOUNDVIEW ASSOCIATES, by its attorneys, CAMPANELLI &

ASSOCIATES, P.C., as and for its Supplemental Counter-Statement pursuant to Rule 56.1 of the

Rules of the Southern and Eastern Districts of New York, in opposition to the defendants'

motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), hereby states as follows:

<strong><u>OBJECTIONS</u></strong>

     The plaintiff hereby objects to the defendants' Supplemental Statement Pursuant to Local

Rule 56.1, as the defendants' statement is 7 pages long with 46 numbered paragraphs, which is

not "short and concise" and thus violates Local Rule 56.1(a).

     Furthermore, the plaintiff objects to the defendants' Supplemental Statement Pursuant to

Local Rule 56.1, to the extent the facts contained in the defendants' numbered paragraphs are not

material.

     Furthermore, the plaintiff objects to the defendants' Supplemental Statement Pursuant to

Local Rule 56.1, to the extent the numbered paragraphs do not contain material facts to which the

defendants contend there is no genuine issue to be tried, but rather contain opinions and legal

1

conclusions which are improper in a Statement Pursuant to Local Rule 56.1.

Furthermore, the plaintiff objects to the defendants' Supplemental Statement Pursuant to Local Rule 56.1, to the extent the purported citations contained therein do not make specific reference to Exhibit numbers/letter, deposition transcript page numbers and/or affidavit paragraph numbers.

## PLAINTIFF'S SUPPLEMENTAL COUNTER-STATEMENT

1.      Not in dispute.

2.      Not in dispute.

3.      Not in dispute.

4.      Not in dispute.

5.      Not in dispute, except that the restrictions, for which recreation was an express primary purpose, allowed for a golf club and golf course; a restaurant and catering facility; jogging, riding and cycling paths; retail stores; and any other *compatible recreational* uses. (See Exhibit B).

6.      Not in dispute, except that the easement, for which recreation was an express primary purpose, allowed for a golf club and golf course; a restaurant and catering facility; jogging, riding and cycling paths; retail stores; and any other *compatible recreational* uses. (See Exhibit B).

7.      Not in dispute.

8.      Not in dispute.

9.      Not in dispute.

10.     In dispute.  (See Exhibit R at p. 124).

11.     In dispute.  (See Exhibit R at p. 124).

12.     In dispute.  The special permit explicitly stated that it "ran with the land" (See Exhibit A).  Furthermore, the code provision cited by defendants was enacted on October 2, 2002, which was *after* the plaintiff's already received their special permit (11/3/82), *after* they submitted their site plan application for the health spa (1/24/02), and *after* the planning board already recommended denial of the application (6/20/02).

13.     In dispute.  The defendants never processed the plaintiff's site plan application for the health spa and denied its superfluous second special permit application. (See Exhibit D).

14.     The plaintiff objects to this statement as it is incomprehensible.

15.     Not in dispute.

16.     Not in dispute.

17.     Not in dispute, except that the plaintiff also filed an application for site plan approval.

18.     Not in dispute, however that was not a basis for the Town's denial of the plaintiff's health spa use.  (See Exhibit D).

19.     In dispute.  There is no section 108-125 in the Riverhead Town Code as sections 108-124 through 108-127 were repealed July 15, 2008.  (See Riverhead Town Code).

20.     In dispute.  (See Exhibit S at pp. 231-232, 236-237).

21.     Not in dispute.

22.     Not in dispute.

23.     Not in dispute.

24.     Not in dispute.

3

25.     Not in dispute.

26.     Not in dispute.

27.     In dispute.  Rugby/Wulforst were represented by William Esseks, Esq. and Soundview was represented by Jane Kratz, Esq. who left the firm of Esseks, Hefter & Angel on December 31, 2006.  (See Exhibit I at p. 5).

28.     In dispute.  This statement attempts to portray that Rugby/Wulforst's 2005 applications were submitted jointly with the plaintiff which is not the case.  (See Exhibit J at pp. 49, 95-96; Exhibit L at p. 78; Exhibit S at pp. 70-71, 250).

29.     In dispute.  This statement attempts to portray that Rugby/Wulforst's 2005 applications were submitted jointly with the plaintiff which is not the case.  (See Exhibit J at pp. 49, 95-96; Exhibit L at p. 78; Exhibit S at pp. 70-71, 250).

30.     In dispute.  This statement attempts to portray that Rugby/Wulforst's 2005 applications were submitted jointly with the plaintiff which is not the case.  (See Exhibit J at pp. 49, 95-96; Exhibit L at p. 78; Exhibit S at pp. 70-71, 250).

31.     Not in dispute.

32.     Clearly in dispute.  (See Exhibit J at pp. 24-25, 30-31, 37-39, 41-42, 109, 219, 235-236; Exhibit L at pp. 47-48, 89, 105, 107, 125-128, 135).

33.     Clearly in dispute.   (Exhibit J at pp. 126-127; Exhibit L at pp. 90, 181-182).

34.     In dispute.  (See Exhibit J at pp. 24-25, 30-31, 37-39, 41-42, 109, 126-127, 219, 235-236; Exhibit L at pp. 47-48, 89-90, 105, 107, 125-128, 135, 181-182).

35.     In dispute.   Defendant Ehlers testified that he had *several* discussions and meetings with Mr. Esseks regarding the withdrawal of the Soundview appeal and in such

4

discussions and meetings, defendant Ehlers *knew* that Mr. Esseks was not representing
Soundview.  (See Exhibit H at pp. 97-105, 118-119, 123-126).

36.    In dispute.  That is what the body of the email indicated, however, defendant
Ehlers testified that he had *several* discussions and meetings with Mr. Esseks regarding the
withdrawal of the Soundview appeal and in such discussions and meetings, defendant Ehlers
*knew* that Mr. Esseks was not representing Soundview.  (See Exhibit H at pp. 97-105, 118-119,
123-126).

37.    Plaintiff objects to this statement as it is not a statement of material fact but rather
a conclusion of law.  Notwithstanding the objection the statement is in dispute.

38.    Plaintiff objects to this statement as it is not a statement of material fact but rather
a conclusion of law.  Notwithstanding the objection the statement is in dispute.

39.    Not in dispute, except as to the qualification "without any protest or reservation of
rights."

40.    In dispute.  This statement attempts to portray that Rugby/Wulforst's 2005
applications were submitted jointly with the plaintiff which is not the case.  (See Exhibit J at pp.
49, 95-96; Exhibit L at p. 78; Exhibit S at pp. 70-71, 250).

41.    Not in dispute, except as to the qualification "after obtaining the approvals."  The
plaintiff did not obtain any approvals.

42.    Not in dispute.

43.    Not in dispute.

44.    Not in dispute.

45.   Plaintiff objects to this statement as it is not a statement of material fact but rather a conclusion of law.   Notwithstanding the objection the statement is not in dispute, as that is what Rugby was required to do under the lease.

46.   In dispute.   (See Exhibit R at pp. 131, 142-144, 152, 216, 217, 219, 232, 238; Exhibit S at pp. 92, 95, 250-251; see also Exhibit I at p. 194).

Dated: Garden City, New York
       May 22, 2012

                              Yours etc.,

                              CAMPANELLI & ASSOCIATES, P.C.

                              By:   David A. Antwork, Esq. (DA 1168)
                                    Attorneys for Plaintiff
                                    623 Stewart Avenue, Suite 203
                                    Garden City, New York 11530
                                    (516) 746-1600

TO:   SMITH, FINKLESTEIN, LUNDBERG,
      ISLER and YAKABOSKI, LLP
      Phil Siegel, Esq.
      Attorneys for Defendants
      456 Griffing Avenue
      Riverhead, New York 11901
      (631) 727-4100